WARNOCK, MacKINLAY & ASSOCIATES, P.L.L.C.
1019 South Stapley
Mesa, Arizona 85204
(480) 898-9239

J. Kent MacKinlay, No. 7204
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re:

RICHARD AND JULIANNA PINKSTON,
husband and wife,

Debtors.

**Chapter      11**

**Case No. 2-08-bk-09365**

**SECOND AMENDED PLAN OF REORGANIZATION**

**ARTICLE I**
**DEFINITIONS**

For the purposes of this plan, and any amendments thereto, the following terms shall have the meanings set forth in this Article:

1.1     ADMINISTRATIVE CLAIM. Every cost or expense of administration in this bankruptcy case, in accordance with 11 U.S.C 503(b).

1.2     APPROVED CLAIMS. The claims of any creditor which are approved by the debtor in this Plan of Reorganization, or, if not so approved by the debtor, are approved by the Court.

1.3     CLAIM. A claim of a creditor which has been filed with the Bankruptcy Court prior to the bar dates set in this case, and which is allowed (or disallowed) by the Bankruptcy Court.

1.4     CONFIRMATION AND CONFIRMATION ORDER. The entry of an order by the Court confirming the plan.

1.5     CONTINGENT CLAIM. Any claim arising prior to confirmation of the Plan, as to which the amount of said claim is unknown or has not been determined by the Court.

1.6     COURT. The United States Bankruptcy Court for the District of Arizona.

1.7     CREDITOR. All creditors of the debtor holding claims for debts, liabilities, demands or claims of any character whatsoever.

1.8    DEBTOR. Richard and Julianna Pinkston, husband and wife, (hereafter "Pinkston" or "debtor")

1.9    EFFECTIVE DATE.  45 days following the entry of a final, non-appealable Confirmation Order.

1.10   PLAN. This Plan of Reorganization in its present form, or as the same may be amended or supplemented.

1.11   PRIORITY CLAIM. Any claim entitled to priority under 11 U.S.C. 507(a) (1-7).

1.12   SECURED CLAIM. Any claim, described as a filed proof of claim, which is secured by a valid, unavoidable lien or security interest in collateral, to the extent of the debtor's interest in such collateral, as determined under 11 U.S.C. 506(a).

1.13   UNSECURED CLAIM. Any claim that is neither an administrative claim, priority claim, or secured claim.

## ARTICLE II
## CLASSES OF CLAIMS AND INTERESTS

2.1    CLASS I.     Administrative expense claims.

2.2    CLASS II.    Tax Claims

2.3    CLASS III.   Comerica Bank

2.4    CLASS IV     Bank of America N.A.

2.5    CLASS V      Bank of American (Arizona)

2.6    CLASS VI.    Administrative Convenience Class

2.7    CLASS VII.   General Unsecured Creditors

## ARTICLE III
## TREATMENT OF CLAIMS UNDER THE PLAN

3.1    CLASS I. Administrative Expenses.  Administrative expense claims, which are approved by the debtor or by the court, along with any outstanding fees to the U.S. Trustee, shall be paid in full in cash within 30 days of the Effective Date, unless the creditor agrees to extended payment terms.

3.2    CLASS II. Tax Claims. Insofar as the Debtor is aware, the Debtor is current in all

of its tax obligations. It will pay all taxes owed by it in future, as the same fall due.

      3.3      CLASS III. <u>Comerica Bank</u>. The claim of Comerica Bank, which is secured by a third deed of trust on the real property at 3275 Faxton Court, Simi Valley, CA., shall be treated as secured in the amount of $20,000 and unsecured for the balance. Comerica Bank shall retain this collateral.

The secured portion of this claim shall be paid with interest at the rate of 5 % per annum, calculated from a date which is 17 months following the Effective Date. The debtors shall pay monthly payments of $150 per month, commencing 18 months following the Effective Date, and each month thereafter until such amount is paid in full. The balance of the secured portion of this claim shall be paid in full on the fifth anniversary of the Effective Date, or earlier upon the sale or refinancing of the Faxton Court property. The secured portion of this claim may be prepaid in full or in part at any time.

The unsecured portion of this claim shall be paid in accordance with Class VII, pro rata with and at the same time as Class VII creditors.

      3.4      CLASS IV. <u>Bank of America N.A.</u>. The claims of the Bank of America N.A. secured by a first deed of trust on the Faxton Court property shall be paid with interest at the rate of 4.2% per annum, calculated from and after the Effective Date, for the first year following the Effective Date, increasing to 5% per annum thereafter until paid. All current arrears shall be capitalized and paid at maturity. This loan shall be paid in monthly payments of $1,000, plus 1/12 of estimated annual property taxes and insurance, commencing 30 days following the Effective Date and continuing each month thereafter one year following the Effective Date. Thereafter, the remaining balance together with one-twelfth of estimated annual property taxes and insurance, shall be paid over the ensuing 30 years, in monthly payments in an amount sufficient to amortized the remaining balance in 360 equal payments.

The claim of Bank of America secured by a second deed of trust or the Faxton Court property shall be paid with interest at the rate of 5% per annum, calculated from and after the Effective Date. All current arrears, if any, shall be capitalized and paid at maturity. This loan shall be paid in monthly payments of $300, or more commencing 30 days following the Effective Date

and continuing for 12 months following the Effective Date. Thereafter, the remaining balance shall be paid over the ensuing 30 years in monthly payments in an amount sufficient to amortized the remaining balance in 360 equal payments. All payments shall be applied firstly to interest, with the balance to principal. Any interest accruing after the Effective Date and not paid through the above-described payments, shall be added to principal and paid at maturity.

    3.5    CLASS V    <u>Bank of America (Arizona</u> )

That claim of the Bank of America (Arizona) which is secured by a first deed of trust on a residential lot at 16656 Elgin Street, Gilbert, AZ, shall be treated as paid in full by the reconveyance of that lot to this creditor, or by the trustee's sale of such lot.

    3.6    CLASS VI. <u>Administrative Convenience Class.</u> Each Class V claimant whose claim of under $1,000 is approved either by the debtor or by the court, shall have the following options:

    (a) To elect to accept a cash sum equal to 20% of the amounts of such approved claim, thirty days following the Effective Date, in full satisfaction of such claim, or

    (b) To accept payment in the same manner and on the same terms as Class VII claimants.

Such election shall be made by each such Class VI claimant at the same time as such claimant casts its ballot to confirm or reject this Plan. In the event no such election is made by a Class VI claimant, such claimant shall be deemed to have elected treatment in accordance with Option (b) hereinabove.

In addition, any Class VII claimant whose claim is in excess of $1,000.00, and whose claim is approved either by the debtor or by the court, shall have the option of receiving the sum of $200 in cash, 30 days following the Effective Date, in full satisfaction of such claim. Such option must be exercised in writing at the time a ballot is cast to confirm or reject the Plan.

    3.7    Class VII. <u>General Unsecured Creditors</u>. All other claims, not provided for elsewhere, which are approved either by the debtor or by the Court, shall be treated as Class VII claims. These creditors shall share, pro rata, in the proceeds of liquidation of all of the non-exempt assets of the debtors.

# ARTICLE IV
# MEANS FOR IMPLEMENTATION OF PLAN

4.1 This Plan is a liquidating Plan. The debtors may sell any property in which they have a statutory exemption, and may sell any other property having a value of $ 8000 or less, at any time without Court approval. All other property of the debtors, including their interest in New Earth Systems Inc, and their interest in acreage in Cedar City, Utah, shall be sold only with Court approval following notice to all creditors.

4.2 All of the proceeds of sale of non-exempt assets shall be deposited in an escrow account, under control of the Court, and shall only be disbursed with court approval.

4.3 The debtors shall disburse the proceeds of liquidation of non-exempt assets, in accordance with the foregoing provisions, within 90 days of receipt of any such proceeds, or at such alternative date or dates as the Court may set.

4.4 The debtors shall file a report with the Court as to the status of their efforts to liquidate their assets, six months following the Effective Date.

4.5 If the debtors' stock in New Earth Systems Inc. and their interest in the acreage in Cedar City, Utah, have each not been sold by six months following the Effective Date, any creditor may apply to the court for the appointment of a qualified professional to sell such property, with full authority to sell the same on such terms as the court may determine.

# ARTICLE V
# CLAIMS

5.1 The Debtor may file an objection to any proof of claim filed, within 60 days after the Effective Date of the Plan. Objections not filed within such time period shall be waived.

5.2 If any claim or any portion thereof is objected to or disputed, any cash payments that are otherwise due to such creditor shall be segregated and set aside in a separate trust account by the Debtor. Upon the entry of a final, non-appealable order resolving such disputed or objectionable claim, the proceeds from such trust account shall be paid, in accordance with the terms and conditions of the order resolving such disputed claim.

# ARTICLE VI
# EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The debtor has no executory contracts or unexpired leases.

# ARTICLE VII
# MODIFICATION OF THE PLAN

The Debtor may amend or modify this Plan at any time prior to confirmation, without leave of the Court. Debtor may propose amendments or modifications of this Plan at any time subsequent to confirmation, but such amendments or modifications shall require the approval of the Court.

# ARTICLE VIII
# RETENTION OF JURISDICTION

8.1     The Court will retain jurisdiction until all payments required by the Plan have been made, for the following purposes:

(a)     The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting, and the determination of such objections as may be filed to various claims. The failure by the Debtor to object to any claim for the purposes of voting, shall not be deemed to be a waiver of the Debtor's right to object to the claim following confirmation of the Plan.

(b)     Determination of all questions and disputes regarding title of the assets of the estate, and determination of all causes of action, controversies, disputes, or conflicts, whether or not subject to an action pending as of the date of confirmation, between the Debtor and any other party.

(c)     The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency of the Plan or the order of confirmation as may be necessary to carry out the purposes and intent of this Plan.

(d)     The modification of this Plan after confirmation.

(e)     To enforce and interpret the terms and conditions of this Plan.

(f)     Entry of any order, including injunctions, as may be necessary to enforce the title, rights and powers of the Debtor and to impose such limitations, restrictions, terms and

conditions as the Court may deem necessary.

   (g) Entry of an order concluding and terminating this case.

## ARTICLE IX
## TREATMENT OF IMPAIRED CLASSES

  The court shall determine any controversy as to whether a class of claims is impaired under the Plan, after notice and an opportunity for hearing. All impaired classes of claims shall receive the distributions set forth as described above, on account of, and in complete satisfaction of, all claims against the debtor, and shall have no further rights or remedies against the debtor corporation or any of its assets or properties.

## ARTICLE X
## PROVISION FOR CLASSES OF IMPAIRED CLAIMS
## WHICH DO NOT ACCEPT THE PLAN

  With respect to any impaired classes of claims which do not accept the Plan with the requisite vote under 11 U.S.C. 1126(c), the debtor will ask the court to confirm the Plan despite such rejection, for reason that the Plan does not discriminate unfairly, is fair and equitable with respect to the class or classes of claims that are impaired which do not accept the Plan, and otherwise complies with 11 U.S.C. 1129(b).

## ARTICLE XI
## DISCHARGE OF DEBTOR

  Except as otherwise provided in the Plan or the Confirmation Order, entry of the Confirmation Order shall act as a discharge, of any and all debts, obligation, liabilities, and claims, contingent or otherwise, of the debtor that are owed at any time before the entry of the Confirmation Order, excepting for the obligations of the debtor specifically set forth in this Plan. The discharge of the debtor shall be effective as to each claim, regardless of whether a proof of claim thereof was filed, whether the claim is an allowed claim, or whether the holder thereof voted to accept the Plan.

## ARTICLE XII
## MISCELLANEOUS

  12.1 Upon entry of an order confirming this Plan, all guarantees and indemnifications

executed by the Debtor shall be limited solely to existing indebtedness and shall not extend to additional or future indebtedness to any creditor.

12.2　All payments made under the Plan which are returned by the Post Office undelivered, or which cannot be delivered due to lack of a current address, shall be retained by the Debtor for a period of six months from the date of the first attempt at distribution. After such six month period, the unclaimed monies or future distributions due such creditors, will vest in the Debtor, free of any claim by any creditor.

12.3　In the event this Plan is not confirmed for any reason, neither the Plan nor any statement contained therein, nor any statement in the Disclosure Statement submitted with or prior to this Plan, may be used or relied upon in any manner in any action or controversy within or outside of this reorganization case.

DATED this 25th day of November, 2009

                 /s/ Richard Pinkston
                 Richard Pinkston

                 /s/ Julianna Pinkston
                 Julianna Pinkston

/s/ J. Kent MacKinlay, #007204
J. Kent MacKinlay
Attorney for Debtor